**Byron Dion WHEELER,
Petitioner–Appellant**

v.

**Nathaniel QUARTERMAN, Director,
Texas Department of Criminal Jus-
tice, Correctional Institutions Divi-
sion, Respondent–Appellee.**

No. 06–41159
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 2008.

Byron Dion Wheeler, Cleveland, TX, pro
se.

Baxter Ryan Morgan, Office of the At-
torney General Postconviction Litigation
Div., Austin, TX, for Respondent–Appellee.

Before REAVLEY, SMITH, and
BARKSDALE, Circuit Judges.

PER CURIAM: *

Byron Dion Wheeler, Texas inmate
# 1239892, appeals, *pro se,* the denial of
his 28 U.S.C. § 2254 petition challenging
his Texas conviction and sentence for un-
lawful possession of a firearm by a felon.
Wheeler was granted a certificate of ap-
pealability (COA) by the district court on
one issue: whether he received ineffective
assistance of counsel when his trial counsel
made tactical and strategic decisions with-
out conducting a thorough investigation of
the law and facts relevant to plausible
options. A district court's findings of fact

on requests for habeas corpus relief are
reviewed for clear error, its rulings on
issues of law, *de novo. E.g., Wilder v.
Cockrell,* 274 F.3d 255, 259 (5th Cir.2001).

Wheeler maintains his counsel provided
ineffective assistance by coercing him to
plead guilty, despite the lack of an indict-
ment. As this contention is not based on a
failure to investigate and was not included
in Wheeler's COA motion to the district
court, a COA was not granted on the issue;
therefore, we may not consider it. *See
Whitehead v. Johnson,* 157 F.3d 384, 388
(5th Cir.1998).

Wheeler also maintains: his counsel pro-
vided ineffective assistance by failing to
investigate whether Wheeler's firearm pos-
session was justified by necessity, and
whether the firearm he possessed was a
non-working weapon; and, the record
lacks a transcript of his plea proceedings.
Again, Wheeler's COA application did not
encompass these issues; we may not con-
sider them. *Id.*

Wheeler also maintains his counsel
failed to adequately investigate the State's
proof of Wheeler's underlying felony con-
viction. The district court denied this
claim, which was raised in Wheeler's Fed-
eral Rule of Civil Procedure 59(e) motion
following the denial of his § 2254 applica-
tion. "A fundamental prerequisite to fed-
eral habeas relief under § 2254 is the ex-
haustion of all claims in state court prior to
requesting federal collateral relief."
*Smith v. Dretke,* 422 F.3d 269, 275 (5th
Cir.2005) (citation omitted). "[W]here pe-
titioner advances in federal court an argu-
ment based on a legal theory distinct from
that relied upon in the state court, he fails

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to satisfy the exhaustion requirement". *Wilder*, 274 F.3d at 259 (internal quotation marks and citation omitted). Wheeler did *not* raise this theory of ineffective assistance of counsel in state court. *See id.* at 261.

In any event, Wheeler's assertion is unavailing, and we may affirm the district court's denial of habeas relief on the claim. *See* § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir.2005); *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir.1999). Wheeler does not dispute his counsel confirmed the validity of his underlying conviction, and does not assert further investigation would have uncovered information his counsel did not know already. Wheeler also does not maintain he would not have pleaded guilty but for the level of his counsel's investigation into his underlying conviction. Thus, he has not demonstrated as unreasonable the state habeas court's holding his counsel was not ineffective. *See* § 2254(d); *Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.